**MASCHOFF BRENNAN**
C. J. Veverka (# 07110)
1389 Center Drive, Suite 300
Park City, UT 84098
Telephone: (435) 252-1360
Facsimile: (435) 252-1361
E-mail: cveverka@mabr.com

**ONE LLP**
Christopher W. Arledge (*pro hac vice* forthcoming)
Joseph K. Liu (*pro hac vice* forthcoming)
Nate L. Dilger (*pro hac vice* forthcoming)
4000 MacArthur Boulevard
West Tower, Suite 1100
Newport Beach, California 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081
carledge@onellp.com
jliu@onellp.com
ndilger@onellp.com

*Attorneys for Plaintiff SkipPrint, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION**

| | |
|---|---|
| SKIPPRINT, LLC,<br>a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>QUAD/GRAPHICS,<br>a Wisconsin corporation,<br><br>Defendants. | **COMPLAINT FOR PATENT INFRINGEMENT, PERMANENT INJUNCTION, AND DAMAGES**<br><br>JURY DEMAND<br><br>Case No. 2:13-cv-00397-DN<br><br>Judge David Nuffer |

For its Complaint against Defendant Quad/Graphics ( or "Defendant"), Plaintiff SkipPrint, LLC ("SkipPrint") alleges as follows:

## THE PARTIES

1. Plaintiff SkipPrint LLC ("SkipPrint") is a Delaware corporation having a principal place of business at 1875 Century Park East, Suite 700, Los Angeles, CA. 90067.

2. On information and belief, Defendant Quad/Graphics is a Wisconsin corporation with its headquarters at N61 W23044 Harry's Way, Sussex, WI 53089-3995.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. §§ 1 et seq. This court has subject matter jurisdiction of such federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) in that the acts and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of Utah and within this district, among other places. Defendant resides in this judicial district by virtue of its business activities in this district, has committed acts of infringement in this judicial district, or has committed acts of contributory infringement and inducement of infringement within this judicial district.

## BACKGROUND

5. On June 13, 2000, the United States Patent & Trademark Office duly and legally issued United States Letters Patent No. 6,076,080 ("the '080 Patent"), entitled "FORMS ORDER ENTRY SYSTEM." A true and correct copy of this patent is attached hereto as Exhibit A.

6. The '080 patent claims, among other things, computer-based forms order entry systems. This invention enables an efficient, innovative, and user-friendly electronic online forms order entry process.

7. The '080 patent is owned by The Standard Register Company. To allow enforcement and protection of this patent and the technology it represents, in December 2012, The Standard Register Company executed an exclusive license agreement with SkipPrint, LLC ("Standard Register Exclusive License Agreement") and, by this Standard Register Exclusive License Agreement, granted SkipPrint the exclusive right to practice, enforce, and sublicense, among other rights, the '080 Patent, effective December 31, 2012. A true and correct copy of the Standard Register Exclusive License Agreement is attached hereto as Exhibit B and incorporated herein by reference.

8. On September 9, 1997, the United States Patent & Trademark Office duly and legally issued United States Letters Patent No. 5,666,493 ("the '493 Patent"), entitled "SYSTEM FOR MANAGING CUSTOMER ORDERS AND METHOD OF IMPLEMENTATION." A true and correct copy of this patent is attached hereto as Exhibit C.

9. On May 23, 2006, the United States Patent & Trademark Office duly and legally issued United States Letters Patent No. 7,050,995 ("the '995 Patent"), entitled "SYSTEM FOR MANAGING ORDERS AND METHOD OF IMPLEMENTATION." A true and correct copy of this patent is attached hereto as Exhibit D.

10. On June 6, 2006, the United States Patent & Trademark Office duly and legally issued United States Letters Patent No. 7,058,596 ("the '596 Patent"), entitled "SYSTEM FOR

MANAGING ORDERS AND METHODS OF IMPLEMENTATION." A true and correct copy of this patent is attached hereto as Exhibit E.

11. The '493, '995, and '596 patents claim, among other things, computer-based systems for management and fulfillment of customer orders in a product distribution environment. These inventions enable an efficient, innovative, and user-friendly electronic process for managing inventory, such as print, in a distribution environment.

12. The '493, '995, and '596 patents are owned by Lykes Bros, Inc. To allow enforcement and protection of these patents and the technology they represent, in December, 2012, , Lykes Bros., Inc. executed an exclusive license agreement with SkipPrint, LLC ("Lykes Bros. Exclusive License Agreement") and, by this Lykes Bros. Exclusive License Agreement, granted SkipPrint the exclusive right to practice, enforce, and sublicense, among other rights, the '493, '596, and '995 Patents. A true and correct copy of the Lykes Bros. Exclusive License Agreement is attached hereto as Exhibit F and incorporated herein by reference.

13. On October 5, 1999, the United States Patent & Trademark Office duly and legally issued United States Letters Patent No. 5,963,641 ("the '641 Patent"), entitled "DEVICE AND METHOD FOR EXAMINING, VERIFYING, CORRECTING, AND APPROVING ELECTRONIC DOCUMENTS PRIOR TO PRINTING, TRANSMISSION, OR RECORDNG." A true and correct copy of this patent is attached hereto as Exhibit G.

14. The '641 patent claims, among other things, computer-based pre-flighting systems and methods. This invention enables an efficient, innovative, and user-friendly system for pre-flighting electronic documents intended for printing.

15. The '641 patent is owned by the Markzware corporation. To allow enforcement and protection of this patent and the technology it represents, in February, 2013, Markzware executed an exclusive license agreement with SkipPrint, LLC ("Markzware Exclusive License Agreement") and, by this Markzware Exclusive License Agreement, granted SkipPrint the exclusive right to practice, enforce, and sublicense, among other rights, the '641 Patent, effective February 26, 2013. A true and correct copy of the Markzware Exclusive License Agreement is attached hereto as Exhibit H and incorporated herein by reference.

16. Quad/Graphics was put on notice of these patents as early as May 21, 2013 when SkipPrint sent a letter to Quad/Graphics notifying Quad/Graphics of its infringing activities.

## COUNT I
### (Infringement of U.S. Patent No. 6,076,080)

17. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-16 of the Complaint as though fully set forth herein.

18. On information and belief, Defendant Quad/Graphics has been and now is infringing the '080 patent in the State of Utah, including claim 1 for example, in this judicial district, and elsewhere in the United States by providing their web-based online storefront system(s) to at least their U.S. customers over the Internet, through their Variable Data Printing online services (e.g., Vertis OnDemand, Quad/Graphics PTI PrintOne Store).

19. By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the '080 patent,

Defendant Quad/Graphics has infringed and continues to directly infringe the '080 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

20.     On information and belief, Defendant has also indirectly infringed and continues to indirectly infringe the '080 patent by actively inducing others to cause direct infringement—specifically, customers and partners of Defendant—who operate these systems and methods that embody or otherwise practice one or more claims of the '080 patent when Defendant had knowledge of the '080 patent and knew or should have known that their actions would induce direct infringement by others and intended that their actions would induce direct infringement by others.

21.     On information and belief, Defendant has also indirectly infringed and continues to indirectly infringe the '080 patent by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system or method with knowledge of the '080 patent and knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '080 patent.

22.     On information and belief, Defendant will continue to infringe the '080 Patent unless enjoined by this Court.

23.     On information and belief, Defendant's infringement of the '080 Patent is, has been, and continues to be willful and deliberate.

24.      As a direct and proximate result of Defendant's infringement of the '080 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

25. Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendant, from infringing the '080 Patent, SkipPrint, will be greatly and irreparably harmed.

## COUNT II
**(Infringement of U.S. Patent No. 7,050,995)**

26. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-25 of the Complaint as though fully set forth herein.

27. On information and belief, Defendant Quad/Graphics has been and now is infringing the '995 patent in the State of Utah, including claim 32 for example, in this judicial district, and elsewhere in the United States by providing their web-based online storefront system(s) to at least their U.S. customers over the Internet, through their Transportation and Warehouse Management Services.

28. By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the '995 patent, Defendant Quad/Graphics has infringed and continues to directly infringe the '995 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

29. On information and belief, Defendant has also indirectly infringed and continues to indirectly infringe the '995 patent by actively inducing others to cause direct infringement—specifically, customers and partners of Defendant—who operate systems and methods that embody or otherwise practice one or more claims of the '995 patent when Defendant had knowledge of the '995 patent and knew or should have known that their actions would induce

direct infringement by others and intended that their actions would induce direct infringement by others.

30. On information and belief, Defendant has also indirectly infringed and continues to indirectly infringe the '995 patent by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system or method with knowledge of the '995 patent and knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '995 patent.

31. On information and belief, Defendant will continue to infringe the '995 Patent unless enjoined by this Court.

32. On information and belief, Defendant's infringement of the '995 Patent is, has been, and continues to be willful and deliberate.

33. As a direct and proximate result of Defendant's infringement of the '995 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

34. Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendant, from infringing the '995 Patent, SkipPrint, will be greatly and irreparably harmed.

## COUNT III
**(Infringement of U.S. Patent No. 7,058,596)**

35. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-34 of the Complaint as though fully set forth herein.

36.     On information and belief, Defendant Quad/Graphics has been and now is infringing the '596 patent in the State of Utah, including claim 4 for example, in this judicial district, and elsewhere in the United States by providing their web-based online ordering system(s) to at least their U.S. customers over the Internet, through their Variable Data Printing online services, and Transportation and Warehouse Management Services.

37.     By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the '596 patent, Defendant Quad/Graphics has infringed and continues to directly infringe the '596 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

38.     On information and belief, Defendant has also indirectly infringed and continues to indirectly infringe the '596 patent by actively inducing others to cause direct infringement—specifically, customers and partners of Defendant—who operate systems and methods that embody or otherwise practice one or more claims of the '596 patent when Defendant had knowledge of the '596 patent and knew or should have known that their actions would induce direct infringement by others and intended that their actions would induce direct infringement by others.

39.     On information and belief, Defendant has also indirectly infringed and continues to indirectly infringe the '596 patent by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system or method with knowledge of the '596 patent and knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '596 patent.

40. On information and belief, Defendant will continue to infringe the '596 Patent unless enjoined by this Court.

41. On information and belief, Defendant's infringement of the '596 Patent is, has been, and continues to be willful and deliberate.

42. As a direct and proximate result of Defendant's infringement of the '596 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

43. Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendant, from infringing the '596 Patent, SkipPrint, will be greatly and irreparably harmed.

## COUNT IV
### (Infringement of U.S. Patent No. 5,666,493)

44. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-43 of the Complaint as though fully set forth herein.

45. On information and belief, Defendant Quad/Graphics has been and now is infringing the '493 patent in the State of Utah, including claim 2 for example, in this judicial district, and elsewhere in the United States by providing their web-based online ordering system(s) to at least their U.S. customers over the Internet, including their Transportation and Warehouse Management Services.

46. By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the '493 patent,

Defendant Quad/Graphics has infringed and continues to directly infringe the '493 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

47. On information and belief, Defendant has also indirectly infringed and continues to indirectly infringe the '493 patent by actively inducing others to cause direct infringement—specifically, customers and partners of Defendant—who operate systems and methods that embody or otherwise practice one or more claims of the '493 patent when Defendant had knowledge of the '493 patent and knew or should have known that their actions would induce direct infringement by others and intended that their actions would induce direct infringement by others.

48. On information and belief, Defendant has also indirectly infringed and continues to indirectly infringe the '493 patent by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system or method with knowledge of the '493 patent and knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '493 patent.

49. On information and belief, Defendant will continue to infringe the '493 Patent unless enjoined by this Court.

50. On information and belief, Defendant's infringement of the '493 Patent is, has been, and continues to be willful and deliberate.

51. As a direct and proximate result of Defendant's infringement of the '493 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

52. Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendant, from infringing the '493 Patent, SkipPrint, will be greatly and irreparably harmed.

## COUNT V
### (Infringement of U.S. Patent No. 5,963,641)

53. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-52 of the Complaint as though fully set forth herein.

54. On information and belief, Defendant Quad/Graphics has been and now is infringing the '641 patent in the State of Utah, including claim 10 for example, in this judicial district, and elsewhere in the United States by providing their web-based online storefront system(s), including their pre-flighting features, to at least their U.S. customers over the Internet, through their Preflighting services.

55. By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the '641 patent, Defendant Quad/Graphics has infringed and continues to directly infringe the '641 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

56. On information and belief, Defendant has also indirectly infringed and continues to indirectly infringe the '641 patent by actively inducing others to cause direct infringement—specifically, customers and partners of Defendant—who operate systems and methods that embody or otherwise practice one or more claims of the '641 patent when Defendant had

knowledge of the '641 patent and knew or should have known that their actions would induce direct infringement by others and intended that their actions would induce direct infringement by others.

57. On information and belief, Defendant has also indirectly infringed and continues to indirectly infringe the '641 patent by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system or method with knowledge of the '641 patent and knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '641 patent.

58. On information and belief, Defendant will continue to infringe the '641 Patent unless enjoined by this Court.

59. On information and belief, Defendant's infringement of the '641 Patent is, has been, and continues to be willful and deliberate.

60. As a direct and proximate result of Defendant's infringement of the '641 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendant, from infringing the '641 Patent, SkipPrint, will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SkipPrint, LLC prays for judgment against the Defendant as follows:

(1)     For a judicial determination and declaration that the Defendant has infringed, and continue to infringe, United States Letters Patent Nos. 6,076,080; 5,666,493; 7,050,995; 7,058,596; and 5,963,641.

(2)     For a judicial determination and decree that the Defendant, its respective subsidiaries, officers, agents, servants, employees, licensees, and all other persons or entities acting or attempting to act in active concert or participation with them or acting on their behalf, be preliminarily and permanently enjoined from further infringement of the '080, '493, '995, '596, and '641 Patents;

(3)     For a judicial determination and decree that Defendant's infringement of the '080, '493, '995, '596, and '641 Patents has been, and continues to be, willful and deliberate;

(4)     For a declaration that the Defendant notify all of its customers, vendors and users of the infringing system(s) and customers' participation in the infringement with Defendant's encouragement, and that Defendant encourage its customers, vendors and users to cease all such infringing actions;

(5)     For a judicial decree that orders Defendant to account for and pay to SkipPrint, LLC all damages caused to SkipPrint, LLC by reason of Defendant's infringement pursuant to 35 U.S.C. Section 284, including enhanced damages under 35 U.S.C. Section 285;

(6)     For an award of damages according to proof at trial;

(7)     For a judicial order awarding to SkipPrint, LLC pre-judgment and post-judgment interest on the damages caused to it by Defendant's infringement; and

(7) For any such other and further relief as the Court may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff SkipPrint, LLC hereby demands trial by jury in this action.

Dated: June 4, 2013          **MASCHOFF BRENNAN**

By:    /s/ C. J. Veverka
        C. J. Veverka
        Attorneys for Plaintiff, SkipPrint, LLC.