C.J. Veverka (Bar No. 07110)
*cveverka@mabr.com*
**MASCHOFF BRENNAN**
1389 Center Drive, Suite 300
Park City, Utah 84098
Telephone: (435) 252-1360
Facsimile:  (435) 252-1361

Christopher W. Arledge (*pro hac vice*)
*carledge@onellp.com*
Joseph K. Liu (*pro hac vice*)
*jliu@onellp.com*
Nate L. Dilger (*pro hac vice*)
*ndilger@onellp.com*
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, California 92660
Telephone: (949) 502-2870
Facsimile:  (949) 258-5081

*Attorneys for Plaintiff SkipPrint, LLC*

---

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SKIPPRINT, LLC,<br>a Delaware corporation,<br><br>     Plaintiff,<br><br>v.<br><br>QUAD/GRAPHICS, INC.,<br>a Wisconsin corporation,<br><br>     Defendants. | **FIRST AMENDED COMPLAINT**<br><br>Case No. 2:13-cv-00397-DN<br><br>Judge David Nuffer<br><br>**JURY DEMAND** |

For its First Amended Complaint against Defendant Quad/Graphics ("Defendant"), Plaintiff SkipPrint, LLC ("SkipPrint") alleges as follows:

<u>**THE PARTIES**</u>

1.      Plaintiff SkipPrint LLC ("SkipPrint") is a Delaware corporation having a principal place of business at 1875 Century Park East, Suite 700, Los Angeles, California 90067.

2.      On information and belief, Defendant Quad/Graphics, Inc., is a Wisconsin corporation with its headquarters at N61 W23044 Harry's Way, Sussex, Wisconsin 53089.

<u>**JURISDICTION AND VENUE**</u>

3.      This is a civil action for patent infringement arising under the Patent laws of the United States, 35 U.S.C. §§ 1 *et. seq.* This court has subject matter jurisdiction of such federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) in that the acts and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of Utah and within this district, among other places. Defendant resides in this judicial district by virtue of its business activities in this district, has committed acts of infringement in this judicial district, and/or has committed acts of contributory infringement and inducement of infringement within this judicial district.

<u>**BACKGROUND**</u>

5.      On June 13, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,076,080 ("the '080 Patent"), entitled "FORMS ORDER ENTRY SYSTEM." A true and correct copy of this patent is attached hereto as Exhibit A.

6. The '080 patent claims, among other things, computer-based forms order entry systems. This invention enables an efficient, innovative, and user-friendly electronic online forms order entry process.

7. The '080 patent is owned by The Standard Register Company. To allow enforcement and protection of this patent and the technology it represents, in December 2012, The Standard Register Company executed an exclusive license agreement with SkipPrint ("Standard Register Exclusive License Agreement") and, by this Standard Register Exclusive License Agreement, granted SkipPrint the exclusive right to practice, enforce, and sublicense, among other rights, the '080 Patent, effective December 31, 2012. A true and correct copy of the Standard Register Exclusive License Agreement is attached hereto as Exhibit B and incorporated herein by reference.

8. On September 9, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,666,493 ("the '493 Patent"), entitled "SYSTEM FOR MANAGING CUSTOMER ORDERS AND METHOD OF IMPLEMENTATION." A true and correct copy of this patent is attached hereto as Exhibit C.

9. On May 23, 2006, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,050,995 ("the '995 Patent"), entitled "SYSTEM FOR MANAGING ORDERS AND METHOD OF IMPLEMENTATION." A true and correct copy of this patent is attached hereto as Exhibit D.

10. On June 6, 2006, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,058,596 ("the '596 Patent"), entitled "SYSTEM FOR

MANAGING ORDERS AND METHODS OF IMPLEMENTATION."   A true and correct copy of this patent is attached hereto as Exhibit E.

11.    The '493, '995, and '596 patents claim, among other things, computer-based systems for management and fulfillment of customer orders in a product distribution environment.  These inventions enable an efficient, innovative, and user-friendly electronic process for managing inventory, such as print, in a distribution environment.

12.    The '493, '995, and '596 patents are owned by Lykes Bros, Inc.  To allow enforcement and protection of these patents and the technology they represent, in December, 2012, Lykes Bros., Inc. executed an exclusive license agreement with SkipPrint ("Lykes Bros. Exclusive License Agreement") and, by this Lykes Bros. Exclusive License Agreement, granted SkipPrint the exclusive right to practice, enforce, and sublicense, among other rights, the '493, '995, and '596 patents.   A true and correct copy of the Lykes Bros. Exclusive License Agreement is attached hereto as Exhibit F and incorporated herein by reference.

13.    On October 5, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,963,641 ("the Markzware '641 Patent"), entitled "DEVICE AND METHOD FOR EXAMINING, VERIFYING, CORRECTING, AND APPROVING ELECTRONIC DOCUMENTS PRIOR TO PRINTING, TRANSMISSION, OR RECORDNG."  A true and correct copy of this patent is attached hereto as Exhibit G.

14.    The Markzware '641 Patent claims, among other things, computer-based pre-flighting systems and methods.  This invention enables an efficient, innovative, and user-friendly system for pre-flighting electronic documents intended for printing.

4

15.    The Markzware '641 Patent is owned by the Markzware corporation.  To allow enforcement and protection of this patent and the technology it represents, in February, 2013, Markzware executed an exclusive license agreement with SkipPrint ("Markzware Exclusive License Agreement") and, by this Markzware Exclusive License Agreement, granted SkipPrint the exclusive right to practice, enforce, and sublicense, among other rights, the Markzware '641 Patent, effective February 26, 2013.  A true and correct copy of the Markzware Exclusive License Agreement is attached hereto as Exhibit H and incorporated herein by reference.

16.    Defendant was put on notice of these patents as early as May 21, 2013 when SkipPrint sent a letter notifying Defendant of its infringing activities.  Attached is a true and correct copy of the letter, attached hereto as Exhibit I.

17.    On December 6, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,072,641 ("the ColorQuick '641 Patent"), entitled "Computer program product for preparation of production data for a print job using a still image proxy of a page description language image file."  A true and correct copy of this patent is attached hereto as Exhibit J.

18.    On April 27, 2010, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,706,016 ("the ColorQuick '016 Patent"), entitled "Preparation of production data for a print job using a still image proxy of a page description language image file."  A true and correct copy of this patent is attached hereto as Exhibit K.

19.    On November 11, 2007, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,298,516 ("the ColorQuick '516 Patent"), entitled

"Preparation of production data for a print job using a still image proxy of a page description language image file."  A true and correct copy of this patent is attached hereto as Exhibit L.

20.    The ColorQuick '641, '016, and '516 patents also claim, among other things, certain computer-based print job preparation systems and methods.  These inventions enables an efficient, innovative, and user-friendly system for print job preparation of electronic documents intended for printing by, among other things, utilizing a page description language ("PDL").

21.    The ColorQuick '641, '016, and '516 patents are owned by ColorQuick, L.L.C. To allow enforcement and protection of these patents and the technology they represent, in February, 2013, ColorQuick executed an exclusive license agreement with SkipPrint ("ColorQuick Exclusive License Agreement") and, by this ColorQuick Exclusive License Agreement, granted SkipPrint the exclusive right to practice, enforce, and sublicense, among other rights, the ColorQuick '641, '016, and '516 patents, effective September 19, 2013.  A true and correct copy of the ColorQuick Exclusive License Agreement is attached hereto as Exhibit M and incorporated herein by reference.

22.    Defendant was put on notice of the ColorQuick '641, '016, and '516 patents as early as October 3, 2013 when SkipPrint's counsel sent correspondence notifying Defendant of the ColorQuick patents.

**COUNT I**
**(INFRINGEMENT OF U.S. PATENT NO. 6,076,080)**

23.    Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-22 of the Complaint as though fully set forth herein.

24.    On information and belief, Defendant has been and now is infringing the '080 patent in the State of Utah, including claim 1 for example, in this judicial district, and elsewhere in the United States by providing their web-based online storefront system(s) to at least their U.S. customers over the Internet, through their Web-to-Print and Variable Data Printing online services (e.g., Vertis OnDemand and QConnect, and storefronts using one or more of XMPie, GMC Inspire, Pageflex, and MarcommCentral).  As an example, on information and belief, the Kawasaki Ad Planner (*http://kawasakiadplanner.com/ShowroomShop/*) was developed by Vertis using Pageflex and is maintained by Quad/Graphics.  As a second example, a U.S. Figure Skating Print-on-Demand website (*http://usfigureskating.qconnect.com/*) was developed on the QConnect platform and is maintained by Defendant.

25.    By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the '080 patent, Defendant has infringed and continues to directly infringe the '080 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

26.    Defendant's Web-to-Print and Variable Data Printing online services are accompanied with online marketing, encouraging its customers to operate these systems and services in an infringing manner.  For instance, Defendant Quad/Graphics' Variable Data Printing online services can be found at *http://www.qg.com/markets/Commercial-Specialty/*, *http://www.quaddirect.com/solutions/workflow_solutions/deploy.asp*, *https://www.quaddirect.com/success-stories/*, and *http://www.qg.com/services/DirectMarketing/deployment.asp*, as well as the websites identified in paragraph 24 above.

27.    On information and belief, as a result of Defendant's encouragement, through at least its online marketing, Defendant's customers were induced to operate these systems and services, namely Defendant's Variable Data Printing, in an infringing manner.  For instance, Defendant's customers would visit http*://kawasakiadplanner.com/OrderBrochures*  and follow the instructions set forth at these sites to operate the accused systems and services in an infringing manner.

28.    Accordingly, on information and belief, Defendant has also indirectly infringed and continues to indirectly infringe the '080 patent by actively inducing others to cause direct infringement—specifically, customers and partners of Defendant—who operate these systems and methods that embody or otherwise practice one or more claims of the '080 patent when Defendant had knowledge of the '080 patent and knew or should have known that their actions would induce direct infringement by others and intended that their actions would induce direct infringement by others.

29.    On information and belief, Defendant will continue to infringe the '080 Patent unless enjoined by this Court.

30.    On information and belief, Defendant's infringement of the '080 Patent is, has been, and continues to be willful and deliberate.

31.    As a direct and proximate result of Defendant's infringement of the '080 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

32.    Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on their behalf or in

concert with Defendant, from infringing the '080 Patent, SkipPrint will be greatly and irreparably harmed.

**COUNT II**
**(INFRINGEMENT OF U.S. PATENT NO. 7,050,995)**

33.    Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-32 of the Complaint as though fully set forth herein.

34.    On information and belief, Defendant has been and now is infringing the '995 patent in the State of Utah, including claim 32 for example, in this judicial district, and elsewhere in the United States by coupling their web-based online storefront system(s) to their ERP/Fulfillment and Transportation Services.

35.    By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the '995 patent, Defendant has infringed and continues to directly infringe the '995 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

36.    On information and belief, Defendant will continue to infringe the '995 Patent unless enjoined by this Court.

37.    On information and belief, Defendant's infringement of the '995 Patent is, has been, and continues to be willful and deliberate.

38.    As a direct and proximate result of Defendant's infringement of the '995 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

39.    Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on their behalf or in

concert with Defendant, from infringing the '995 Patent, SkipPrint will be greatly and irreparably harmed.

**COUNT III**
**(INFRINGEMENT OF U.S. PATENT NO. 7,058,596)**

40.     Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-39 of the Complaint as though fully set forth herein.

41.     On information and belief, Defendant has been and now is infringing the '596 patent in the State of Utah, including claim 4 for example, in this judicial district, and elsewhere in the United States by coupling their web-based online ordering system(s) to their ERP/Fulfillment and Transportation Services.

42.     By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the '596 patent, Defendant has infringed and continues to directly infringe the '596 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

43.     On information and belief, Defendant will continue to infringe the '596 Patent unless enjoined by this Court.

44.     On information and belief, Defendant's infringement of the '596 Patent is, has been, and continues to be willful and deliberate.

45.     As a direct and proximate result of Defendant's infringement of the '596 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

46.     Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on their behalf or in

concert with Defendant, from infringing the '596 Patent, SkipPrint will be greatly and irreparably harmed.

**COUNT IV**
**(INFRINGEMENT OF U.S. PATENT NO. 5,666,493)**

47.    Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-46 of the Complaint as though fully set forth herein.

48.    On information and belief, Defendant has been and now is infringing the '493 patent in the State of Utah, including claim 2 for example, in this judicial district, and elsewhere in the United States by coupling their web-based online ordering system(s) to their ERP/Fulfillment and Transportation Services.

49.    By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the '493 patent, Defendant has infringed and continues to directly infringe the '493 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

50.    On information and belief, Defendant will continue to infringe the '493 Patent unless enjoined by this Court.

51.    On information and belief, Defendant's infringement of the '493 Patent is, has been, and continues to be willful and deliberate.

52.    As a direct and proximate result of Defendant's infringement of the '493 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

53.    Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on their behalf or in

concert with Defendant, from infringing the '493 Patent, SkipPrint will be greatly and irreparably harmed.

**COUNT V**
**(INFRINGEMENT OF U.S. PATENT NO. 5,963,641)**

54.   Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-53 of the Complaint as though fully set forth herein.

55.   On information and belief, Defendant has been and now is infringing the Markzware '641 Patent in the State of Utah, including claim 10 for example, in this judicial district, and elsewhere in the United States by providing their web-based online storefront system(s), including their pre-flighting features, to at least their U.S. customers over the Internet, through one or more of their Preflighting services (e.g, Quad Optimization), their web-based online storefront system(s) (e.g., QConnect, InSite, XMPie, Pageflex, and GMC Inspire), and/or their workflow systems (e.g., Kodak Prinergy).

56.   By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the Markzware '641 Patent, Defendant has infringed and continues to directly infringe the Markzware '641 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

57.   On information and belief, Defendant will continue to infringe the Markzware '641 Patent unless enjoined by this Court.

58.   On information and belief, Defendant's infringement of the Markzware '641 Patent is, has been, and continues to be willful and deliberate.

59.     As a direct and proximate result of Defendant's infringement of the Markzware '641 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

60.     Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendant, from infringing the Markzware '641 Patent, SkipPrint will be greatly and irreparably harmed.

## COUNT VI
## (INFRINGEMENT OF U.S. PATENT NO. 8,072,641)

61.     Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-60 of the Complaint as though fully set forth herein.

62.     On information and belief, Defendant has been and now is infringing the ColorQuick '641 Patent in the State of Utah, including claim 1 for example, in this judicial district, and elsewhere in the United States by providing their ad submission portal(s), including their print job preparation features, to at least their U.S. customers over the Internet, through their print job preparation services, including SendMyAd and Quad/Graphics AdShuttle.

63.     By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the ColorQuick '641 Patent, Defendant has infringed and continues to directly infringe the ColorQuick '641 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

64.     On information and belief, Defendant will continue to infringe the ColorQuick '641 Patent unless enjoined by this Court.

65.     As a direct and proximate result of Defendant's infringement of the ColorQuick '641 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

66.     Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendant, from infringing the ColorQuick '641 Patent, SkipPrint will be greatly and irreparably harmed.

### COUNT VII
### (INFRINGEMENT OF U.S. PATENT NO. 7,706,016)

67.     Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-66 of the Complaint as though fully set forth herein.

68.     On information and belief, Defendant has been and now is infringing the ColorQuick '016 Patent in the State of Utah, including claim 1 for example, in this judicial district, and elsewhere in the United States by providing their ad submission portal(s), including their print job preparation features, to at least their U.S. customers over the Internet, through their print job preparation services, including SendMyAd and Quad/Graphics AdShuttle.

69.     By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the ColorQuick '016 Patent, Defendant has infringed and continues to directly infringe the ColorQuick '016 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

70.     On information and belief, Defendant will continue to infringe the ColorQuick '016 Patent unless enjoined by this Court.

71.    As a direct and proximate result of Defendant's infringement of the ColorQuick '016 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

72.    Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendant, from infringing the ColorQuick '016 Patent, SkipPrint will be greatly and irreparably harmed.

**COUNT VIII**
**(INFRINGEMENT OF U.S. PATENT NO. 7,298,516)**

73.    Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-72 of the Complaint as though fully set forth herein.

74.    On information and belief, Defendant has been and now is infringing the ColorQuick '516 Patent in the State of Utah, including claim 1 for example, in this judicial district, and elsewhere in the United States by providing their ad submission portal(s), including their print job preparation features, to at least their U.S. customers over the Internet, through their print job preparation services, including SendMyAd and Quad/Graphics AdShuttle.

75.    By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the ColorQuick '516 Patent, Defendant has infringed and continues to directly infringe the ColorQuick '516 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

76.    On information and belief, Defendant will continue to infringe the ColorQuick '516 Patent unless enjoined by this Court.

77.    As a direct and proximate result of Defendant's infringement of the ColorQuick '516 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

78.    Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendant, from infringing the ColorQuick '516 Patent, SkipPrint will be greatly and irreparably harmed.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff SkipPrint prays for judgment against the Defendant as follows:

(1)    For a judicial determination and declaration that Defendant has infringed, and continue to infringe, United States Patent Nos. 6,076,080; 5,666,493; 7,050,995; 7,058,596; 5,963,641; 8,072,641; 7,706,016; and 7,298,516.

(2)    For a judicial determination and decree that Defendant, its respective subsidiaries, officers, agents, servants, employees, licensees, and all other persons or entities acting or attempting to act in active concert or participation with them or acting on their behalf, be preliminarily and permanently enjoined from further infringement of the '080, '493, '995, '596, Markzware '641, ColorQuick '641, '016, and '516 Patents;

(3)    For a judicial determination and decree that Defendant's infringement of the '080, '493, '995, '596, Markzware '641, ColorQuick '641, '016, and '516 Patents has been, and continues to be, willful and deliberate;

(4)    For a declaration that the Defendant notify all of its customers, vendors and users of the infringing system(s) and customers' participation in the infringement with Defendant's

encouragement, and that Defendant encourage its customers, vendors and users to cease all such infringing actions;

(5)     For a judicial decree that orders Defendant to account for and pay to SkipPrint all damages caused to SkipPrint by reason of Defendant's infringement pursuant to 35 U.S.C. Section 284, including enhanced damages under 35 U.S.C. Section 285;

(6)     For an award of damages according to proof at trial;

(7)     For a judicial order awarding to SkipPrint pre-judgment and post-judgment interest on the damages caused to it by Defendant's infringement; and

(8)     For any such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff SkipPrint, LLC hereby demands trial by jury in this action.


Dated: April 2, 2014                              **MASCHOFF BRENNAN**


                                        By:   */s/ C.J. Veverka*
                                               C.J. Veverka
                                               *Attorney for Plaintiff, SkipPrint, LLC*