# EXHIBIT F

**WHEREAS, LYKES BROS. INC.**, a Florida Corporation having a principal place of business at 400 N. Tampa Street Suite #2200, Tampa, Florida 33602 (hereafter, together with any successors, legal representatives or assigns thereof, called "Licensor") is the owner of the entire right, title, and interest and assignee of **U.S. and foreign patents and patent applications listed in Exhibit A**, and all related patents, patent applications, foreign patents, foreign patent applications, continuations, continuations-in-part, divisional, reissues, re-examinations, and any issued patents subject to a Terminal Disclaimer under 37 C.F.R. §1.321 related to the **U.S. and foreign patents and patent applications listed in Exhibit A** (the "Patents");

**AND WHEREAS, SKIPPRINT LLC**, a Delaware limited liability company having a place of business at 1875 Century Park East, Suite 700, Los Angeles, CA 90067 (hereafter, together with any successors, legal representatives or assigns thereof, called "Licensee") wants to be granted all substantial rights including the worldwide exclusive license rights to the Patents, and Licensor is willing to grant all substantial rights in and to the Patents to Licensee.

**NOW, THEREFORE**, effective on January 14, 2013 and in consideration of the promises and mutual covenants contained herein and for other good and valuable consideration, Licensor and Licensee agree as follows:

1. ***Exclusive License.*** Licensor grants to Licensee all substantial rights in and to the Patents including the worldwide, exclusive right and license under the Patents to make, have made, use, import, offer or sell products or services covered by the Patents, the exclusive right to grant sublicenses, to sue for and collect past, present and future damages and to seek and obtain injunctive or any other relief for infringement of the Patents. Except for ownership of the Patents, Licensor expressly retains no rights in or to the Patents, including without limitation, the right to sue for infringement of the Patents and specifically grants Licensee all such rights (the "License") except that Licensor retains a limited, non-exclusive, non-transferable royalty-free, fully-paid-up personal right and license under the Patents to make, have made, use, offer to sell, or sell Licensor's products or services covered by the claims of the Patents solely as required to conduct Licensor's Business; and

2. ***"Licensor's Business"*** shall mean those business activities in which Licensor or Licensor's Affiliates have been, are or shall be engaged including, without limitation, sales of products and services to customers of Licensor. An "Affiliate" shall mean any entity that is, directly or indirectly, controlled by or under common control of Licensor, now or in the future. An entity shall be deemed to be an Affiliate under this <u>Paragraph 2</u> only so long as all the requirements of being an Affiliate are met.

**Licensor** hereby covenants that it has full right to convey the entire interest herein transferred, and that it has not executed, and will not execute, any agreement in conflict with this Exclusive License.

**FOR PATENT OFFICE RECORDING**

**IN TESTIMONY WHEREOF**, I hereunto set my hand this 15th day of January, 2013.

<div style="margin-left:40%">

**LYKES BROS. INC.**
(Licensor)

By: _____

Name:  Michael L. Carrere

Title:   Chief Executive Officer

</div>

**STATE OF** *Florida*                    )
**COUNTY OF** *Hillsborough*        )

On *January 15, 2013*        , before me *Anna M Ygual*        , Notary Public, personally appeared
*Michael L. Carrere*        personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

<div style="margin-left:30%">

*I certify under PENALTY OF PERJURY under the laws of the State of Florida that the foregoing paragraph is true and correct. WITNESS my hand and official seal.*

_____
Signature of Notary

</div>

<div style="margin-left:55%">

ANNA G. YGUAL
**Notary** Public, State of Florida
**My** comm. exp. Apr. 25, 2013
Comm. No. DD 853819

</div>

## U.S. PATENTS & APPLICATIONS

| US Patent No. | US Application No. | Filing Date | Issue Date | Title |
|---|---|---|---|---|
| 5,666,493 | 08/111,242 | 08/24/1993 | 09/09/1997 | System for managing customer orders and method of implementation |
| 5,758,329 | 08/474,970 | 06/07/1995 | 05/26/1998 | System for managing customer orders and method of implementation |
| 7,050,995 | 10/193,339 | 07/11/2002 | 05/23/2006 | System for managing orders and method of implementation |
| 7,058,596 | 09/083,681 | 05/22/1998 | 06/06/2006 | System for managing customer orders and methods of implementation |
| - | *11/422,179 | 06/05/2006 | - | System for Managing Customer Orders |

\* Denotes expired or abandoned patent or patent application

## FOREIGN PATENTS & APPLICATIONS

None