**MASCHOFF BRENNAN**
Charles J. Veverka (#07110)
1389 Center Drive, Suite 300
Park City, Utah 84098
Telephone: (435) 252-1360
Facsimile: (435) 252-1361
E-mail: *cveverka@mabr.com*

**ONE LLP**
Christopher W. Arledge (*pro hac* admission)
Joseph K. Liu (*pro hac* admission)
Nate L. Dilger (*pro hac* admission)
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, California 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081
E-mail: *carledge@onellp.com*
E-mail: *jliu@onellp.com*
E-mail: *ndilger@onellp.com*

*Attorneys for Plaintiff SkipPrint, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SKIPPRINT, LLC, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> QUAD/GRAPHICS, INC., an Wisconsin corporation, <br><br> Defendant. | **ATTORNEY PLANNING MEETING REPORT** <br><br> Civil Case No. 2:13-cv-00397-DN <br><br> Judge David Nuffer <br><br> **JURY DEMAND** |

This Court VACATES the Initial Pretrial Hearing set for July 9, 2014 at 10:00 a.m.[1]

**ALL DEADLINES ARE SET FOR 11:59 P.M. MOUNTAIN TIME ON THE DATE INDICATED UNLESS EXPRESSLY STATED TO THE CONTRARY**

| 1. | | PRELIMINARY MATTERS/DISCLOSURES | **DATE** |
|---|---|---|---|
| | a. | Defendant Quad/Graphics's Accused Instrumentalities disclosure due [LPR 2.1] | 6/12/2014 |
| | b. | Plaintiff SkipPrint Rule 26(a)(1) initial disclosure due [LPR 2.2] | 6/27/2014 |
| | c. | Defendant Quad/Graphics's Rule 26(a)(1) initial disclosure due [LPR 2.2] | 7/8/2014 |
| | d. | Rule 26(f)(1) Conference held and discovery begins [LPR 1.2, 1.3] | 6/16/2014 |
| | e. | Attorney Planning Meeting Form and Proposed Scheduling Order submitted [LPR 1.2] | 6/18/2014 |
| | f. | Plaintiff SkipPrint serves Initial Infringement Contentions [LPR 2.3] | 8/4/2014 |
| | g. | Defendant Quad/Graphics serves Initial Non-Infringement, Unenforceability, and Invalidity Contentions [LPR 2.4, 2.6] | 9/15/2014 |
| | h. | Final Infringement Contentions [LPR 3.1] | 2/9/2015 |

---

[1] Defendant Quad/Graphics, Inc. intends to file a motion pursuant to 28 U.S.C.§ 1404 to transfer this case to a more convenient forum and to stay the case pending a decision on the motion. Plaintiff SkipPrint intends to oppose such a motion and disagrees with Quad/Graphics that there is a more convenient forum.

| | | |
|---|---|---|
| i. | Final Unenforceability and Invalidity Contentions [LPR 3.1] | 3/23/215 |
| j. | Final Non-Infringement Contentions [LPR 3.2] | 4/6/2015 |

**2.    DISCOVERY LIMITATIONS**                                                                                      **NUMBER**

a.   <u>Plaintiff's Proposal</u>:  Maximum of 186 hours of fact depositions by Plaintiff.

<u>Defendant's Proposal</u>: Maximum of 70 hours of fact depositions by Plaintiff.[2,3]

b.   Maximum of 186 hours of fact depositions by Defendant.

c.   A deposition of a person may not exceed 7 hours (unless extended by agreement of the parties).

d.   Maximum Interrogatories[4] by any Party to any Party              25

---

[2] Defendant Quad/Graphics maintains that equal deposition time is inappropriate in this case, which presents unusual circumstances.  While patent suits involving multiple patents are not uncommon, it is uncommon to have twenty-nine (29) individuals named as inventors among the asserted patents.  Quad/Graphics' proposal provides each side with the equivalent of ten (10) full fact depositions while providing Quad/Graphics an additional 4 hours of deposition time per inventor.  While SkipPrint asserts that it may take the depositions of the inventors, those inventors presumably have a contractual obligation to cooperate with the owners of the patents(and SkipPrint, as the exclusive licensee of those patents) such that their depositions by SkipPrint will not be necessary.  Under SkipPrint's proposal, SkipPrint will potentially have 186 hours to take the depositions of Quad/Graphics employees and witnesses while Quad/Graphics will have no more than 70 hours to take the depositions of SkipPrint's non-inventor witnesses.

[3] Plaintiff SkipPrint simply wants a fair opportunity for discovery and sees no reason why allocated deposition time should be so lopsided as Defendant Quad/Graphics proposes.  This is not an unusual patent case as patent suits involving multiple patents are not uncommon.  Further, Defendant Quad/Graphics' position is based on the erroneous assumption that SkipPrint will not be taking depositions of said inventors and an unsupported presumption that depositions of these inventors by SkipPrint will not be necessary.  As such, Quad/Graphics proposal is based on unsubstantiated speculation.  To be clear, SkipPrint's intent is not to utilize the maximum number of hours and intends to be as efficient as possible in its discovery efforts to minimize the burden on all parties involved, but SkipPrint opposes such a lopsided restriction that Quad/Graphics' proposes at the outset of this case.

[4] An interrogatory or multiple interrogatories seeking the basis of a party's affirmative defenses, infringement contentions, or invalidity contentions counts as one interrogatory regardless of the number of affirmative defenses

| | | |
|---|---|---|
| e. | Maximum requests for admissions by any Party to any Party, except that there shall be no limit on the number of requests for admission relating to eliminating evidentiary issues for trial (*e.g.*, authentication of documents). | 50 |
| f. | Maximum requests for production by any Party to any Party | 100 |

g. The Parties shall handle discovery of electronically stored information as follows:

Counsel will work together to develop a mutually agreeable electronic discovery protocol.

h. The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows:

To be handled as specified in the Standard Protective Order for the District of Utah. With the exception to the amendments to Paragraph 10 identified below, the parties hereby adopt and agree to be bound by the Standard Protective Order for the District of Utah. The parties hereby stipulate to the following amended version of Paragraph 10 of the Standard Protective Order for the District of Utah:

10. <u>Inadvertently Produced Privileged Documents</u>

The parties hereto also acknowledge that regardless of the producing party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, they therefore agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the producing party. The receiving party shall return to the producing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced. Within five (5) days of the return of the document or thing, the producing party shall produce a privilege log with respect to the returned document or thing. The

---

alleged or the number of infringed or invalid claims alleged. A party may object to the time of discovery as set forth in LRP 1.7.

disclosing party retains the burden of established the privileged or protected nature of the document or thing. Nothing in this Order shall limit the right of any party to request an *in camera* review of the inadvertently produced document or thing.

The parties further agree that in addition to the protections provided by Federal Rules of Civil Procedure 26(b)(4)(B) – (C), the parties stipulate and agree as follows with regards to the conduct of expert discovery:

(1) Oral and written communications between an expert witness for any party or parties on the one hand, and the party or parties, or their attorneys or representatives employing such an expert on the other hand, and which are made in connection with the expert witness' engagement for this case, shall only be discoverable if they relate to compensation for the expert's study or testimony, identify facts or data that a party's attorney provided and that the expert considered in forming the opinions to be expressed, identify assumptions that a party's attorney provided and that the expert relied upon in forming the opinions to be expressed.

(2) Drafts of a report of an expert witness for any party or parties that are prepared in connection with the expert witness' engagement for this case shall not be discoverable.

(3) All notes, memoranda, and other writings of an expert witness that are prepared in connection with the expert witness' engagement for this case shall not be discoverable.

(4) The parties will produce to one another their respective experts' final reports, curricula vitae, and the expert's rate of compensation for the engagement for this case, and will either identify (including by Bates number where available) or, if the document is not already in the possession of the opposing party, produce a clean copy of those documents, which the experts considered in the course of preparing and rendering their opinions.

(5) Notwithstanding the foregoing, all materials that an expert considered or relied on in connection with a final expert report shall be discoverable.

The parties further agree that preparation of a privilege log is not necessary for documents and things that are withheld on the basis of privilege and that were generated after the date that this action was filed.

| | | DATE |
|---|---|---|
| i. | Deadline to serve written discovery before claim construction [R. 34] : | 4/20/2015 |
| j. | Close of fact discovery before claim construction [LPR 1.3(a)]: | 5/20/2015 |

| | | | |
|---|---|---|---|
| | k. | Disclosure of intent to rely on opinions of counsel and materials in support  [LPR 1.3(c)]: | [7 days after Claim Construction Ruling] |
| | l. | Deadline to file motion for additional discovery [LPR 1.3(b)]: | [14 days after Claim Construction Ruling] |
| 3. | | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[5] | **DATE** |
| | a. | Last Day to File Motion to Amend Pleadings | 10/20/2014 |
| | b. | Last Day to File  Motion to Add Parties | 10/20/2014 |
| | | **CLAIM CONSTRUCTION PROCESS** | **DATE** |
| 4. | | | |
| | a. | Parties exchange proposed claim terms and claim constructions for construction [LPR 4.1(a)] | 4/20/2015 |
| | b. | Reach agreement to submit no more than 10 terms for construction[6] [LPR 4.1(b)] | 4/27/2015 |
| | c. | Parties file Cross-Motions for Claim Construction and Joint Appendix [LPR 4.2(a) & (b)] | 5/25/2015 |
| | d. | Parties file Simultaneous Responsive Claim Construction Briefs [LPR 4.2(c)] | 6/22/2015 |

---

[5] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

[6] Quad/Graphics anticipates seeking relief from this limit as Plaintiff has asserted eight (8) patents in this case.

| | | | |
|---|---|---|---|
| | e. | Joint Claim Construction Chart & Joint Status Report Due [LPR 4.2(f)] | 6/29/2015 |
| | f. | Tutorial for Court [LPR 4.4] | 7/8/2015 |
| | g. | Parties exchange exhibits [LPR 4.3] | 7 days prior to Claim Construction hearing |
| | h. | Claim Construction Hearing[7] [LPR 4.3] | TBD |
| **5.** | | **EXPERT DISCOVERY** | **DATE** |
| | a. | Parties bearing burden of proof [LPR 5.1(b)] | [28 days after Claim Construction Ruling] |
| | b. | Counter reports [LPR 5.1(c)] | [56 days after Claim Construction Ruling] |
| | c. | Close of expert discovery [LPR 5.2] | [91 days after Claim Construction Ruling] |
| **6.** | | **DISPOSITIVE MOTIONS** | **DATE** |

---

[7]  Parties should contact the Court to set the date for the Claim Construction Hearing

| | | | |
|---|---|---|---|
| a. | Deadline to file dispositive motions required to be filed with claim construction [LPR 6.2] | | 5/25/2015 |
| b. | Deadline to file opposition to dispositive motions filed with claim construction [LPR 6.2] | | 6/22/2015 |
| c. | Deadline to file reply to dispositive motions filed with claim construction [LPR 6.2] | | 7/8/2015 |
| d. | Deadline for filing dispositive or potentially dispositive motions [LPR 6.1] | | [119 days after Claim Construction Ruling] |
| e. | Deadline for filing partial or complete motions to exclude expert testimony | | [119 days after Claim Construction Ruling] |
| **7.** | | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION/ OTHER PROCEEDINGS** | **DATE** |
| | . | The parties have had settlement discussions to date. Given SkipPrint's demands, Quad/Graphics does not believe that mediation or arbitration is appropriate at this time.  The parties will inform the Court if circumstances change such that arbitration or mediation might prove beneficial. | |

*Plaintiff is directed to file a new scheduling order within 14 days of ruling on claim construction. The Court will set trial deadlines in that order or through a case management conference.*

**8.      OTHER MATTERS**

Counsel should contact chambers staff of the judge presiding in the case regarding Daubert and Claim Construction motions to determine the desired process for filing and hearing of such motions. All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial. Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference.

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

DATED:  June 18, 2014 **MASCHOFF BRENNAN**

By: */s/ C.J. Veverka*
C.J. Veverka, Esq.

*Attorney for Plaintiff*

DATED:  June 18, 2014 **CLEGG PC**

By: */s/ Perry S. Clegg*
Perry S. Clegg

*Attorney for Defendant*